JDA SOFTWARE, INC., an Arizona corporation, Plaintiff–Appellant,

v.

Tom BISSETT, Defendant–Appellee.

No. 07–16091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed June 10, 2008.

See, also, 2008 WL 2402414.

Lawrence J. Rosenfeld, Michael J. Mason, Greenberg Traurig, LLP, Phoenix, AZ, for Plaintiff–Appellant.

Thomas L. Hudson, Scott W. Rodgers, John Laxson Blanchard, Sara S. Greene, Osborn Maledon, PA, Phoenix, AZ, Scott W. Rodgers, Osborn and Maledon, Phoenix, AZ, for Defendant–Appellee.

Before: B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

**534**

## MEMORANDUM *

Plaintiff JDA Software, Inc. ("JDA") appeals the district court's denial of JDA's request for a preliminary injunction to enforce a non-competition and confidentiality agreement between JDA and its former employee, defendant Tom Bissett ("Bissett"). This court has jurisdiction on appeal of an interlocutory order of the district court refusing to issue an injunction. 28 U.S.C. § 1292(a)(1). We now affirm.

## DISCUSSION

■ The district court's denial of JDA's request for a preliminary injunction is subject only to "limited and deferential" review, *Harris v. Bd. of Supervisors*, 366 F.3d 754, 760 (9th Cir.2004), and "may be reversed only if the court abused its discretion," *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156 (9th Cir.2006). A district court abuses its discretion if it "base[s] its decision on an erroneous legal standard or clearly erroneous findings of fact." *Id.* at 1156. Once the panel "determine[s] that the district court employed the appropriate legal standards which govern the issuance of a preliminary injunction, and correctly apprehended the law with respect to the underlying issues in litigation," its "inquiry is at an end." *Harris*, 366 F.3d at 760 (internal quotation marks and alterations omitted).

■ The district court held that JDA had not met the requirements for a preliminary injunction, namely, to show either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) serious questions going to the merits and a balance of hardships strongly favoring the plaintiffs." *Paramount Land Co.*

*LP v. Cal. Pistachio Comm'n*, 491 F.3d 1003, 1008 (9th Cir.2007).

### A. Likelihood of Success on the Merits

■ We agree with the district court's holding that under applicable Arizona law, evidence of a literal breach of a non-competition agreement does not equate to the likelihood of success on the merits. In Arizona, a post-employment restriction in such an agreement "will not be enforced ... if ... greater than necessary to protect the employer's legitimate interest." *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 982 P.2d 1277, 1283 (1999); *see also Hilb, Rogal & Hamilton Co. of Ariz. v. McKinney*, 190 Ariz. 213, 946 P.2d 464, 467 (Ariz.App.1997) ("Covenants not to compete are disfavored and thus are strictly construed against employers."); *Valley Med. Specialists*, 982 P.2d at 1286 (court will not "add terms" or "rewrite provisions" to "make [a covenant not to compete] more reasonable" because doing so would encourage employers to "create ominous covenants" with an "in terrorem effect on departing employees"). The district court properly based its decision on JDA's inability to show that the violated provisions of the covenant served the "legitimate purpose of post-employment restraints" that would justify their enforcement: "prevent[ing] competitive use, for a time, of information or relationships which pertain peculiarly to the employer and which the employee acquired in the course of the employment." *Id.* at 1281 (quoting Harlan M. Blake, *Employee Agreements Not To Compete*, 73 Harv. L. Rev. 625, 647 (1960)).

■ JDA also contends that the district court erred by finding insufficient evidence

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Bissett was competing in a way legitimately protected by the Agreement. We reject the contention. In his present position, Bissett does not deal with any of the customers with whom he had relationships while working for JDA or Manugistics. In light of conflicting evidence on the question of whether Bissett obtained from JDA or Manugistics confidential information useful to him in his new position, the District Court did not clearly err in determining that JDA had not produced sufficient evidence to prevail on its factual claims for purposes of a preliminary injunction.

**B. Irreparable Harm**

█ JDA next argues that the district court applied the second prong of the test incorrectly by requiring it to show that irreparable harm "will" result without an injunction. The district stated the correct legal standard, however, and its analysis respected the principle that "[t]he required degree of irreparable harm increases as the probability of success [on the merits] decreases." *Dept. of Parks and Recreation v. Bazaar del Mundo,* 448 F.3d 1118, 1123 (9th Cir.2006) (citations omitted). Therefore, its application of the irreparable harm standard was not erroneous.

**C. The Alternative Standard**

█ The district court addressed JDA's request for relief under the alternative legal standard, stating that "even if serious questions ... are raised," the "balance of hardships" favors Bissett. Contrary to JDA's suggestion, the court here applied the proper legal test. Moreover, in light of the contradictory evidence regarding Bissett's possession of confidential information that is relevant to his current position, it was not clearly erroneous for the court to find that the "harm JDA

claims is speculative." Nor was it clearly wrong to find that the issuance of an injunction prohibiting Bissett from working in his current position for his current employer "may jeopardize his career" because there was no evidence that Bissett could obtain comparable employment if he was not permitted to work for JDA.

**CONCLUSION**

The district court's denial of a preliminary injunction was not an abuse of discretion. The judgment of the district court is

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.